Gaston, Judge,
 

 having stated the case as above, proceeded as follows: Upon the proofs, the case, as stated in the bill, is fully established. But upon the case so established, we find ourselves unable to make any decree for the plaintiffs.
 

 
 *91
 
 It is clear that there is no ground on which relief can be had against either Robert of James Parsons. Supposing the claimant to be Sullivan and not Ryan, there never was any contract between
 
 him
 
 and these defendants, except such as was testified by the bond; and as
 
 that
 
 has been altered without their consent, and with the privity-of Sullivan, the same is destroyed in law. It being thus destroyed, and it being Sullivan’s only gtound of claim against them, he is, as to them, without remedy.
 

 It is not quite so clear that there ought not to be relief against the other defendant, Jonathan Parker. Having though perhaps unintentionally deceived an illeterate man as to the character of a worthless paper, taken from him, and upon the faith of his representation as of value, there seems to be a plain obligation of conscience upon him to-make indemnity for the injury thereby sustained. But upon the rules which govern the administration of judicial equity, we find ourselves precluded from helping the plaintiffs.
 

 This is substantially the bill of Ryan, and in form, Sullivan should have been made a defendant thereto. Now, if it be admitted that Sullivan had- an equity to be relieved against Parker, either because of the unpaid part of the price of his land — supposed to have been paid, but, in truth,.not paid, by reason of the worthlessness of the note received on account thereof — or because of the representations or assurances upon which he induced Sullivan to receive this-worth less note as one good in law, and valuable in fact — how has this equity been transferred to Ryan? He claims as purchaser of a bond which he took, with full notice of the legal objections thereto.. Under the purchase, he is entitled to no more than the bond, and all the remedies legal and equitable belonging to the ownership of it. Upon that bond, Parker was in no way liable. But if this could be regarded as Sullivan’s bill, then without expressing an opinion whether having taken the bond with a full knowledge of all the faots attending its alteration,
 
 he
 
 can be heard in any court to allege that he was ignorant of the legal consequences of such alteration, it is manifest that, if he can, there is no ground for-his coming into
 
 equity. His
 
 demand — if to be sustained at
 
 *92
 
 all — is a plain legal demand against Parker to recover the unpaid price of his land, or damages for the deceit put upon him. Either of these actions would have been long since barred at law; and as early as the year 1829, when payment was demanded of the altered note, and was refused because ’ of the alteration, Sullivan knew all that he knows now. No equity has since arisen by the discovery of a theretofore concealed fraud, and he must not be allowed to evade the legal bar, arising from lapse of time, by a mere change of forum.
 

 The bill must be dismissed — but the case is not one in which the defendants can be allowed costs.
 

 Per Curiam. Bill dismissed.